IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 14-cv-419 |
| CITY OF WAUKEGAN, LUCIAN TESSMAN, DONALD MEADIE, FERNANDO SHIPLEY, HOWARD PRATT, RICHARD DAVIS, PHLLIP STEVENSON, TERRY HOUSE, ROBERT REPP, BURTON SETTERLUND, ESTATE OF DENNIS COBB, and JUAN A. RIVERA, JR., | ) ) Judge Jorge L. Alonso ) ) ) ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Westport Insurance Corporation ("Westport") brought this action against Defendants, the City of Waukegan, Lucian Tessman, Donald Meadie, Fernando Shipley, Howard Pratt, Richard Davis, Phillip Stevenson, Terry House, Robert Repp, Burton Setterlund (collectively, the "Waukegan Defendants" or "Waukegan"), and Juan A. Rivera, Jr. ("Rivera"), seeking a declaratory judgment that it has no obligation to provide coverage under two insurance policies issued to the City of Waukegan. The case is before the Court on cross-motions for summary judgment. For the following reasons, the Court grants Westport's motion and denies Waukegan's.

**DISCUSSION**

The Court has already described the factual background in its earlier opinion in this case. (*See* ECF No. 123 ("reconsideration ruling") *reported at Westport Ins. Corp. v. City of*

*Waukegan*, 157 F. Supp. 3d 769 (N.D. Ill. 2016); *see also* ECF Nos. 83 and 84 ("trigger ruling") *reported at Westport Ins. Corp. v. City of Waukegan*, 75 F. Supp. 3d 821 (N.D. Ill. 2014).) Judge Darrah, the judge to whom this case was previously assigned, ruled in 2014 that Rivera's lawsuit against Waukegan—in particular, his claim that Waukegan violated his Fifth Amendment self-incrimination rights pursuant to 42 U.S.C. § 1983 by using a coerced confession against him at his second trial in 1998—triggered Westport's duty to defend stemming from the 1998 policy Westport issued to Waukegan.

After this case was reassigned to the undersigned judge, Westport moved to reconsider Judge Darrah's trigger ruling in light of a subsequent case of the Illinois Appellate Court, *Indian Harbor Insurance Co. v. City of Waukegan*, 33 N.E.3d 613 (Ill. App. Ct. 2015). On reconsideration, this Court reaffirmed Judge Darrah's trigger ruling, concluding that recent Illinois cases such as *Indian Harbor* addressing trigger of coverage in the context of malicious prosecution claims or prosecutorial due process claims under *Brady v. Maryland*, 373 U.S. 83 (1963), do not necessarily control this case. The Court reasoned that the "essence" of a § 1983 claim for violation of Fifth Amendment self-incrimination rights, or the conduct that essentially causes the "injury," in the language of the policy, is courtroom use of the coerced confession, which occurs at a different time from the essential tortious acts underlying malicious prosecution or *Brady* claims, and therefore triggers insurance coverage at a different time. *See Westport*, 157 F. Supp. 3d at 775-76 (citing *Muller Fuel Oil Co. v. Ins. Co. of N. Am.*, 232 A.2d 168 (N.J. Super. Ct. App. Div. 1967)); *see also Indian Harbor*, 33 N.E.3d at 622 ("Indeed, the policies do not require that all of Rivera's claims arise from a single occurrence and must have the same trigger date as his malicious-prosecution claim.").

The parties have now filed cross-motions for summary judgment. Waukegan seeks (a) a declaration that Westport owes Waukegan a duty to pay defense costs arising out of, and indemnify for amounts paid to settle, Rivera's lawsuit against Waukegan, as well as (b) a declaration that Westport has breached its duty to defend. Westport seeks a declaration that (a) even though this Court has ruled that Westport had a duty to defend Waukegan, Westport owes no defense costs because Waukegan's defense costs do not exceed the self-insured retentions prescribed by the policy, and (b) Westport owes no indemnity because the 1998 retrial was not the primary focus of Rivera's lawsuit.

After full briefing on the motions, Westport alerted this Court to a new Illinois Appellate Court decision that Westport argues is controlling. *St. Paul Fire & Marine Insurance Co. v. City of Waukegan*, 2017 IL App (2d) 160381, ¶¶ 44-48, is another case, like this one and *Indian Harbor*, concerning the proper trigger of coverage for Rivera's lawsuit against Waukegan. In *St. Paul*, the Illinois Appellate Court considered whether Rivera's Fifth Amendment self-incrimination claim triggered Waukegan's insurance coverage in 2009, during his third trial. The court cited Judge Darrah's trigger ruling and this Court's reconsideration ruling, but it disagreed with them because it did not recognize any distinction between a Fifth Amendment self-incrimination claim and a malicious prosecution or *Brady* claim for purposes of triggering insurance coverage; for all such claims, according to the Illinois Appellate Court, it was "the misconduct that led to [Rivera's] conviction" in 1992 that triggered insurance coverage. *Id*. at ¶ 47. In its most recent filing, Westport argues that based on this new authority, this Court must abandon Judge Darrah's reasoning and the reasoning this Court employed in its reconsideration ruling, and instead apply the Illinois Appellate Court's decision in *St. Paul*, which would require

3

this Court to hold that Westport owes no duty to defend or indemnify Waukegan for Rivera's lawsuit.

The Court agrees with Westport. Illinois law governs this insurance coverage dispute. This Court is bound to follow a decision of the Illinois Appellate Court on an issue of Illinois law in the absence of any strong, direct indication that the Illinois Supreme Court would not. As the United States Supreme Court has explained:

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

*West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940); *cf. Robinson v. Ada S. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 363 (7th Cir. 1994) (quoting the same language but declining to follow an Illinois Appellate Court decision that it deemed "so contrary to basic contract principles and notions of fairness" that the Illinois Supreme Court would not follow it). In this case, there is no "persuasive data" in other decisions of Illinois courts that might induce this Court to conclude that the Illinois Supreme Court would not follow *St. Paul*. *Cf. Acuity v. Lenny Szarek, Inc.*, 128 F. Supp. 3d 1053, 1061 (N.D. Ill. 2015). As far as this Court is aware, *St. Paul* is the only Illinois decision to directly address trigger of coverage for a Fifth Amendment self-incrimination clause civil rights claim. It did so in a case that involved coverage for the exact same claim of the exact same underlying action that also underlies this case, under circumstances that were essentially indistinguishable. This Court will adhere to the Illinois Appellate Court's pronouncement in *St. Paul*.

This is so despite Waukegan's attempt to distinguish this case from *St. Paul* based on differences in the policy language; in particular, the *St. Paul* policy covers claims for injury caused by "a wrongful act," whereas the Westport policy covers claims for injury arising out of

4

an "offense." Based on this difference, Waukegan argues, the Westport policy is not triggered until the underlying claim accrues, in the sense that all the elements of an "offense" for which the plaintiff can recover have occurred. Based in part on similar reasoning, Waukegan explains, the Seventh Circuit ruled in *American Safety Casualty Insurance Co. v. City of Waukegan*, 678 F.3d 475 (7th Cir. 2012), that insurance coverage for a malicious prosecution claim was triggered at the time of exoneration. But in that case, the Seventh Circuit also explicitly stated that it was guided by what was then the only Illinois decision on point, *Security Mutual Casualty Co. v. Harbor Insurance Co.*, 382 N.E.2d 1, 6 (Ill. App. Ct. 1978). The Illinois Appellate Court has now roundly rejected *Security Mutual*. *See St. Paul*, 2017 IL App (2d) 160381, ¶¶ 31-32 (citing cases). In particular, Waukegan's proposed rationale is foreclosed by *County of McLean v. States Self-Insurers Risk Retention Group, Inc.*, 33 N.E.3d 1012 (Ill. App. Ct. 2015), in which the policy used the term "offense" rather than "wrongful act," but the Illinois Appellate Court nevertheless followed the *Indian Harbor* decision in holding that coverage for a malicious prosecution claim is triggered at the time the malicious prosecution was initiated, not at the time the tort accrues.

The Illinois Appellate Court has held that the misconduct that led to Rivera's conviction in 1992 is the essential cause of the injury arising out of the violation of his Fifth Amendment self-incrimination rights. Just as the Seventh Circuit in *American Safety* recognized the wisdom of following "the only Illinois appellate decision on the issue," 678 F.3d at 479-80, *see also id.* at 481, this Court recognizes that it must follow *St. Paul*, the only Illinois appellate decision on the issue of trigger of coverage for a Fifth Amendment self-incrimination claim.

For these reasons, this Court grants Westport's motion for summary judgment and denies Waukegan's motion for summary judgment. Westport does not owe reimbursement to

5

Waukegan for any portion of its defense costs incurred in Rivera's underlying lawsuit, and Westport does not have a duty to indemnify Waukegan for its settlement of Rivera's underlying lawsuit. In order to avoid any confusion that may arise from the inconsistency of today's ruling and Judge Darrah's trigger ruling, and in light of the fact that Waukegan has had an opportunity to address the impact of the Illinois Appellate Court's decision in *St. Paul* (*see* Waukegan's Resp. to Westport's Notice of Supp. Authority, ECF No. 166), the Court vacates Judge Darrah's order to the extent that it declared that Westport had a duty to defend Waukegan in Rivera's lawsuit.[1]

## **CONCLUSION**

For the reasons set forth above, the Court grants Westport's motion for summary judgment [131] and denies Waukegan's motion for summary judgment [132]. Westport does not owe reimbursement to Waukegan for any portion of its defense costs incurred in Rivera's underlying lawsuit, and Westport does not have a duty to indemnify Waukegan for its settlement of Rivera's underlying lawsuit. Westport's motion for leave to supplement the summary judgment record [160] is granted. This Court's December 11, 2014 Order (ECF Nos. 83 and 84) is vacated to the extent that it declared that Westport had a duty to defend the Waukegan defendants. Civil case terminated.

---

[1] The parties have treated Judge Darrah's trigger ruling as if it is not a final, appealable order because it did not fully dispose of the issues between the parties and therefore "may be revised at any time" before final judgment under Federal Rule of Civil Procedure 54(b). To whatever extent, if at all, Judge Darrah's trigger ruling might be considered a final judgment on the duty to defend issue, the Court vacates it pursuant to Rule 60(b). *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008) ("[A] majority of circuits to have considered the power of a district court to vacate a judgment under Rule 60(b) have concluded that district courts have the discretion to grant such relief *sua sponte*.") (citing, *inter alia*, *Fort Knox Music Inc. v. Baptiste,* 257 F.3d 108, 111 (2d Cir. 2001) ("While normally such relief is sought by motion of a party, . . . nothing forbids the court to grant such relief *sua sponte*.")); *see also Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013) (affirming district court's decision to reverse itself under Rule 60(b) because "where a district judge recognizes a clear legal or factual error . . . , no purpose is served by prohibiting the district judge from remedying the error").

**SO ORDERED.**

                                          **ENTERED:** September 13, 2017

                                          **HON. JORGE ALONSO**
                                          **United States District Judge**